IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Anjoneet L. J. | REPORT AND RECOMMENDATION |
| Plaintiff, | |
| v. | Case No. 2:18-cv-361 DB BCW |
| Andrew M. Saul, | Judge Dee Benson |
| Defendant. | Magistrate Judge Cecilia M. Romero |

This case is referred from Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(B) to handle the case up to and including a report and recommendation on all dispositive matters. (ECF 17). As set forth below the undersigned recommends this matter be remanded on a single issue for further consideration of the C criteria.

BACKGROUND[1]

Plaintiff seeks review for the denial of her request for disability insurance benefits and supplemental security income. She alleges disability beginning April 30, 2010, due to post-traumatic stress disorder (PTSD), depression, anxiety and panic attacks. Her prior work includes work as a restaurant server, insurance agent, cashier and office clerk.

The ALJ followed the five-step sequential evaluation process for assessing social security claims. *See* 20 C.F.R. § 416.920; *Fisher-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (summarizing the five step process). The ALJ found Ms. J had the severe impairments of generalized anxiety disorder, major depressive disorder, PTSD, obesity and edema. At Step 3 of

---

[1] The parties set forth more fully the background of this case, including the medical history, in their memoranda. The court does not repeat this background in full detail here. The reader desiring a more extensive history is directed to the record and briefing of the parties.

the evaluation process, the ALJ specifically considered listings 12.04, 12.06 and 12.15.[2] Next the ALJ found Ms. Johnson had the residual functional capacity (RFC) to perform light work with certain additional restrictions. Based on the RFC, Ms. Johnson could not perform her past work, but at Step 5, the ALJ found Plaintiff capable of other work in the national economy as a laundry worker and medical assembler (Transcript p. 26).

## STANDARD OF REVIEW

Because the Appeals Council denied the claimant's requested review the ALJ's decision is considered the Commissioner's final decision for purposes of this appeal. *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003); 20 C.F.R. § 404.981. The court reviews the ALJ's decision to determine whether the correct legal standards were applied and whether the factual findings are supported by substantial evidence in the record. *See Doyal*, 331 F.3d at 760; *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal*, 331 F.3d at 760. "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988). In considering claimant's appeal, the court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991).

---

[2] "Listings 12.02, 12.03, 12.04, 12.06, and 12.15 have three paragraphs, designated A, B, and C; your mental disorder must satisfy the requirements of both paragraphs A and B, or the requirements of both paragraphs A and C." 20 C.F.R. § Pt. 404, Subpt. P, App. 1.

## DISCUSSION

On appeal, Ms. J raises three arguments asserting reversible error. First, the ALJ erred at Step 3 when finding her impairments did not singly or in combination meet or equal Listings 12.04, 12.06 or 12.15. Second, the ALJ erred in assigning weight to the medical source opinions. This includes a failure by the ALJ to assign a weight or analyze the opinions of Dr. Ririe and Dr. Barnett. And finally, Ms. J takes issue with the hypothetical questions given to the vocational expert, asserting they do not include all her limitations, so they cannot provide substantial evidence for the ALJ's decision.

The court finds the last two arguments unpersuasive. An ALJ must "provide specific reasons for the weight given"[3] and an ALJ's analysis must be detailed enough to provide meaningful review of a determination. *See, e.g., Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001). The ALJ's analysis of the medical opinions was specific enough to provide meaningful review. Further, the ALJ's failure to assign an explicit weight to the opinions of Dr. Ririe and Dr. Barnett is not reversible error in this instance. The ALJ specifically analyzed those opinions and the use of those opinions appears analogous to *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1162-63 (10th Cir. 2009), where the Tenth Circuit rejected the plaintiff's argument that an

---

[3] Paragraph (d)(2) of 20 CFR 404.1527 and 416.927 requires that the adjudicator will always give good reasons in the notice of the determination or decision for the weight given to a treating source's medical opinion(s), i.e., an opinion(s) on the nature and severity of an individual's impairment(s). Therefore:

When the determination or decision:

\* is not fully favorable, e.g., is a denial; or

\* is fully favorable based in part on a treating source's medical opinion, e.g., when the adjudicator adopts a treating source's opinion about the individual's remaining ability to function;

the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

Titles II & Xvi: Giving Controlling Weight to Treating Source Med. Opinions, SSR 96-2P, 1996 WL 374188, at \*5 (S.S.A. July 2, 1996).

ALJ erred by failing to explicitly state whether he found a doctor's report persuasive and erred by failing to specifically state what weight he assigned to it.

Next, when a hypothetical question includes "all (and only) those impairments borne out by the evidentiary record" *Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995), a vocational expert's (VE) testimony in response, provides substantial evidence to support an ALJ's finding concerning work an individual is able to perform. *See e.g., Decker v. Chater*, 86 F.3d 953 (10th Cir. 2014) (holding that the hypothetical questions posed to a VE reflected with precision all of the claimant's impairments). Here, the hypotheticals, while not perfect, adequately included Ms. J's limitations that are supported in the record when it is considered in its entirety. An ALJ's findings as to a claimant's residual functional capacity do not need to exactly mirror the limitations posed in a hypothetical if those limitations are not borne out in the record. *See e.g., Ruth v. Astrue*, 369 Fed.Appx. 929, 931 (10th Cir. 2010) (noting that an ALJ "is not bound by VE testimony in response to a hypothetical that fails to set forth only those impairments the ALJ has accepted as true").

Despite finding Plaintiff's last two arguments unpersuasive, the court is concerned with the ALJ's analysis as to the paragraph C factors in finding that Ms. J does not meet Listings 12.04, 12.06 or 12.15. The court finds the failure of the ALJ to provide an adequate explanation as to the paragraph C criteria warrants a remand as to this issue.

The Supreme Court has provided that "[f]or a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530, (1990). The court finds the ALJ's analysis as to the B criteria is sufficient

4

because the decision is supported by medical evidence in the record from Dr. Schreiner, Dr. Ririe and Dr. Barnett.

For the Listings at issue to be met or equaled, both paragraph C criteria must be met.  *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1, Listings 12.04, 12.06 and 12.15.  The ALJ provided:

> The undersigned has also considered whether the "paragraph C" criteria are satisfied.  In this case, the evidence fails to establish the presence of the "paragraph C" criteria.  The record does not establish that the claimant has only marginal adjustment, that is, a minimal capacity to adapt to changes in the claimant's environment or to demands that are not already part of the claimant's daily life."  Transcript p. 16.

In making this determination the ALJ does not cite to medical evidence in the record.  At oral argument, counsel for Defendant agreed that the ALJ's discussion was a bit perfunctory, but asserted it was still the Plaintiff's burden to establish that she met both paragraph C criteria.  The court agrees it is Ms. J's burden to establish that she meets both criteria.  The court, however, finds the ALJ's discussion of the paragraph C criteria in this case does not provide sufficient detail to allow for meaningful review.  Certainly if the ALJ had granted benefits to Ms. J at Step 3, the ALJ would have provided more detail than a general citation to the record.  The opposite also holds true.  If a Listing is not met, then the ALJ needs to provide more detail than simply "[t]he record does not establish that the claimant has only marginal adjustment, …."  For example, a citation to the medical opinions of doctors, as done in considering the B criteria, would suffice.  Or perhaps, a citation to some medical testing or other evidence in the record.  Here, the court is left to guess as to what evidence in the record supports the ALJ's finding.  As such, it warrants a remand for consideration.

## REPORT AND RECOMMENDATION

For the reasons set forth above the undersigned RECOMMENDS that this case be remanded to the Commissioner for further findings consistent with this opinion.

Copies of this report and recommendation are being mailed to all parties who are hereby notified of their right to object. Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of Court.[4] Any objection must be filed within this deadline. Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 21 August 2019.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah

---

[4] *See* 28 U.S.C. § 636 and Fed. R. Civ. P. 72.